1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DENNIS PETILLO, JR.,                    No.  2:23-cv-2286-CKD P

12                 Plaintiff,

13          v.                                 ORDER AND

14    CSP SACRAMENTO, et al.,                  FINDINGS AND RECOMMENDATIONS

15                 Defendants.

16

17          Plaintiff Dennis Petillo, Jr., a state prisoner, proceeds pro se and in forma pauperis and

18   seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule

19   302. See 28 U.S.C. § 636(b)(1). Plaintiff's second amended complaint ("SAC") is before the

20   court for screening. For the reasons set forth below, the SAC fails to state a claim and should be

21   dismissed without further leave to amend.

22        **I.      Screening Requirement**

23          Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis

24   proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a

25   claim on which relief may be granted," or "seeks monetary relief against a defendant who is

26   immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

27   (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

                                                    1

1    Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless

2    legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327.

3         Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement

4    of the claim that shows the pleader is entitled to relief. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.

5    544, 555 (2007). To state a cognizable claim, a complaint must contain more than "a formulaic

6    recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

7    raise a right to relief above the speculative level." <u>Id.</u> The facts alleged must "'give the defendant

8    fair notice of what the... claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551

9    U.S. 89, 93 (2007) (quoting <u>Twombly</u>, 550 U.S. at 555). In reviewing a complaint under this

10    standard, the court accepts as true the allegations of the complaint and construes the pleading in

11    the light most favorable to the plaintiff. <u>See id.</u>; <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

12    **II.**    **Plaintiff's SAC**

13         Plaintiff filed this lawsuit while he was an inmate at California State Prison-Sacramento.

14    The SAC is difficult to read throughout and illegible in several places. Based on a review of the

15    SAC, the court is unable to discern the names of the defendants whom plaintiff intends to sue or

16    the relief that plaintiff seeks through this suit. Plaintiff mentions Associate Warden Anderson and

17    appears to state "detail the warden intention to [torture] destroy [illegible] to defeat to ruin

18    existence as of annih[i]late to cause death deceptive slaughter actual extreme pain.…" (ECF No.

19    1 at 1.) Plaintiff also mentions a few correctional captains by name, but the court cannot discern

20    what specific actions or omissions plaintiff is alleging they took that violated his rights. (<u>See</u> <u>id.</u> at

21    2.) In short, the SAC's factual allegations are incomprehensible to the court.

22    **III.**    **Discussion**

23         By order dated December 15, 2023, the court screened plaintiff's initial complaint filed in

24    this case and informed plaintiff that the allegations were so vague and conclusory that the court

25    was unable to determine whether the action is frivolous or fails to state a claim. (ECF No. 7.)

26    Plaintiff was provided legal standards and an opportunity to file an amended complaint. (<u>Id.</u>)

27    Upon reviewing plaintiff's first amended complaint, the court attempted to screen plaintiff's first

28    amended complaint but could not do so "as much of the amended complaint is illegible due to

plaintiff's small and cramped handwriting. Further, the material is vague and confusing such that the court is unable to decipher plaintiff's claims." (ECF No. 11 at 1.) Plaintiff was provided another opportunity to amend and was cautioned "[i]f the second amended complaint is illegible and/or vague and confusing, the court will recommend that this action be dismissed." (Id. at 1-2.) The court instructed plaintiff to focus on providing the "who, when, what, and how" facts underlying his claims. (Id. at 2.)

Attempting again to conduct the screening required by 28 U.S.C. § 1915A, the court finds plaintiff has failed to state a claim upon which relief may be granted against any defendant or defendants. The allegations in the SAC are incomprehensible and do not provide adequate notice regarding the actions of any defendant that constituted a violation of plaintiff's rights. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). The court cannot discern any facts supporting a valid cause of action against any defendant. Accordingly, the SAC does not state a valid claim for relief and must be dismissed.

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). If, however, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995). In this instance, further amendment would be futile because the deficiencies have not been cured and the factual allegations have not improved in clarity despite plaintiff being given two prior chances to amend. The SAC should be dismissed without further leave to amend. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

## IV.    Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

The court cannot understand the claims you are attempting to bring. It is being

1  recommended that this case be dismissed without further leave to amend. If you disagree, you

2  have 14 days to inform the court. Label your explanation "Objections to the Magistrate Judge's

3  Findings and Recommendations" and state the names of the defendants and the specific facts you

4  could allege to state a claim.

5  **V.    Order and Recommendation**

6  In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is

7  directed to assign a district judge to this case.

8  In addition, IT IS HEREBY RECOMMENDED as follows:

9  1.   Plaintiff's second amended complaint be dismissed without further leave to amend for

10  failure to state a claim.

11  2.   The Clerk of the Court be directed to close this case.

12  These findings and recommendations are submitted to the United States District Judge

13  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after

14  being served with these findings and recommendations, plaintiff may file written objections with

15  the court and serve a copy on all parties. Such a document should be captioned "Objections to

16  Magistrate Judge's Findings and Recommendations." Failure to file objections within the

17  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d

18  1153 (9th Cir. 1991).

19  Dated:  January 31, 2025

20  _____
CAROLYN K. DELANEY

21  UNITED STATES MAGISTRATE JUDGE

22

23  8, peti2286.scrn.fr

24

25

26

27

28

4